NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 22 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JESUS CRUZ ALVARADO; AYLIN
GUADALUPE CRUZ ALVARADO,

Petitioners,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-1515

Agency Nos.
A201-399-849
A201-399-850

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 20, 2025**
San Francisco, California

Before: CHRISTEN, BRESS, and VANDYKE, Circuit Judges.

Jesus Cruz Alvarado and his minor daughter, natives and citizens of Mexico,

petition for review of a Board of Immigration Appeals (BIA) decision dismissing

their appeal of an Immigration Judge's (IJ) order denying their applications for

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

asylum, withholding of removal, and protection under the Convention Against Torture (CAT).[1] We review the denial of asylum, withholding of removal, and CAT protection for substantial evidence. *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). "Under this standard, we must uphold the agency determination unless the evidence compels a contrary conclusion." *Id.* We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1. Substantial evidence supports the denial of asylum and withholding of removal. To be eligible for asylum, Cruz Alvarado must demonstrate a "likelihood of 'persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.'" *Sharma v. Garland*, 9 F.4th 1052, 1059 (9th Cir. 2021) (quoting 8 U.S.C. § 1101(a)(42)(A)). To establish eligibility for withholding of removal, Cruz Alvarado must show "that it is more likely than not" that he will be persecuted if returned to Mexico "because of" membership in a particular social group or other protected ground. *Barajas-Romero v. Lynch*, 846 F.3d 351, 357, 360 (9th Cir. 2017); *see also* 8 U.S.C. § 1231(b)(3). In the case of both asylum and withholding of removal, the persecution "must have been 'committed by the government'" or "'by forces that the government was unable or unwilling to control.'" *Velasquez-Gaspar*

---

[1] Cruz Alvarado's daughter is a derivative beneficiary on his asylum application. We will refer to petitioners collectively as "Cruz Alvarado."

*v. Barr*, 976 F.3d 1062, 1064 (9th Cir. 2020) (quoting *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1062 (9th Cir. 2017) (en banc)).

In this case, the record does not compel the conclusion that Cruz Alvarado has established eligibility for asylum or withholding of removal. *First*, whether reviewed for substantial evidence or de novo, the record supports the agency's conclusion that Cruz Alvarado did not suffer past persecution. Persecution "is an extreme concept that means something considerably more than discrimination or harassment." *Sharma*, 9 F.4th at 1060 (quoting *Donchev v. Mukasey*, 533 F.3d 1206, 1213 (9th Cir. 2009)). Here, Cruz Alvarado was not physically harmed. Although gangs threatened Cruz Alvarado, "[t]hreats standing alone" do not constitute past persecution unless "the threats are so menacing as to cause significant actual 'suffering or harm.'" *Lim v. I.N.S.*, 224 F.3d 929, 936 (9th Cir. 2000) (quoting *Sangha v. INS*, 103 F.3d 1482, 1487 (9th Cir. 1997)); *see also Sharma*, 9 F.4th at 1062. In this case, the threats Cruz Alvarado received, while unfortunate, did not rise to this level, and Cruz Alvarado was able to remain in his village unharmed for several months after the election, despite his rejection of the gang's recruitment efforts.

*Second*, the record supports the agency's conclusion that Cruz Alvarado did not establish an objectively reasonable fear of future persecution. *See Sharma*, 9 F.4th at 1065. Cruz Alvarado provided no testimony or evidence that anyone in

3                                                              24-1515

Mexico has any continued interest in him, and he was able to remain in Mexico unharmed for months before his departure.

*Third*, substantial evidence also supports the agency's determination that Cruz Alvarado failed to establish a nexus between his past or feared harm and a protected ground. For asylum, the nexus requirement is met if a protected ground is "one central reason" for the harm. 8 U.S.C. § 1158(b)(1)(B)(i). For withholding, the protected ground need only be "a reason" for the harm. *Barajas-Romero*, 846 F.3d at 360.

Here, the record also does not compel the conclusion that Cruz Alvarado was or will be harmed based on any political opinion, since he testified that he did not support any political parties in Mexico and it is not apparent that the gangs have interest in Cruz Alvarado's political beliefs. Moreover, "resistance to a gang's recruitment efforts alone does not constitute political opinion." *Ramos-Lopez v. Holder*, 563 F.3d 855, 862 (9th Cir. 2009) (quoting *Santos-Lemus v. Mukasey*, 542 F.3d 738, 747 (9th Cir. 2008), *abrogated on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1093 (9th Cir. 2013) (en banc)) (alterations omitted); *see also Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1017 (9th Cir. 2023). The agency also properly rejected Cruz Alvarado's theory of "hazardous neutrality." Substantial evidence supports the BIA's conclusion that the "record does not indicate that [Cruz Alvarado] made a deliberate and conscious decision to be politically neutral, that he

articulated his political neutrality, or that he took any action which might evidence political neutrality."

2. Cruz Alvarado failed to exhaust his CAT claim because he failed to raise it before the BIA. We therefore do not review this claim here. *See* 8 U.S.C. § 1252(d)(1); *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023), *as amended*. Cruz Alvarado cannot avoid the exhaustion requirement by raising an ineffective assistance of counsel claim before this court. That claim is itself unexhausted and must be raised before the BIA in the first instance. *See Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988); *Benedicto v. Garland*, 12 F.4th 1049, 1062 (9th Cir. 2021) ("The proper way to raise and exhaust an ineffective assistance of counsel claim in this situation is through a motion to reopen before the agency.").

**PETITION DENIED.**